UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**BETTY LYNN NERSESIAN**                                                                   **PLAINTIFF**


**V.**                                                **CIVIL ACTION NO.1:06CV311 LTS-RHW**



**LEXINGTON INSURANCE COMPANY**                                              **DEFENDANT**


## MEMORANDUM OPINION

The Court has before it Plaintiff Betty Lynn Nersesian's (Nersesian) motion to remand. The Court also has before it Defendant Lexington Insurance Company's (Lexington) motion to dismiss. For the reasons set out below, the motion to remand will be granted, and the motion to dismiss will be denied.

Plaintiff brought this action in the Chancery Court of Jackson County, Mississippi, seeking the disclosure of information concerning her claim for property damage sustained during Hurricane Katrina. Plaintiff is the named insured under a policy issued by Lexington. Plaintiff has alleged that Lexington has refused her requests for information concerning the processing of her claim under the Lexington policy. The state court complaint seeks discovery only, and asks for no other affirmative relief.

Lexington has removed this action on grounds of diversity of citizenship under 28 U.S.C. §1332. Lexington has also moved to dismiss the complaint for its failure to state a claim on which relief can be granted. Plaintiff has moved to remand the case on the grounds that her complaint for discovery is not a removable "civil action."

The party seeking removal has the burden of establishing proper subject matter jurisdiction in the district court. *Nelon v. Mitchell Energy Corp.*, 941 F.Supp 73 (N.D.Tex.1996).

Lexington's removal of this case, combined with its motion to dismiss, would leave the plaintiff in something of a Catch-22. Mississippi procedural law allows the relief the plaintiff is seeking and authorizes the procedure plaintiff is attempting to follow. See *Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC*, 864 So.2d 939 (Miss.2004). Yet the removal of this action, according to Lexington, should result in its immediate dismissal.

I am of the opinion that this action, in its present posture, does not constitute a removable "civil action."  *Mayfield-George v. Texas Rehabilitation Com'n*, 197 F.R.D. 280 (N.D.Tex.2000); *In re Hinote*, 179 F.R.D. 335 (S.D.Ala.1998).  Plaintiff is seeking only the discovery of information unavailable from any source other than Defendant Lexington.

In my opinion, this Court does not have subject matter jurisdiction over this action seeking only the disclosure of information pursuant to Mississippi's procedural law.  Accordingly, I will grant the motion to remand, and I will deny the defendant's motion to dismiss.

An appropriate order will be entered.

Decided this the 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge